STATE v. MOORE.

1. CHARGE—REQUEST—CASE.—A party desiring the benefit of a special legal proposition in a charge must make a request therefor. Where the testimony, or a statement of it, is not given in the "Case," this Court cannot determine if an appellant has been prejudiced by a failure to charge a specific proposition.
2. EXCEPTION taken under misconception of charge.
3. CHARGE.—It is not error for a Judge to say in his charge, "It is for you to say whether or not, under the law as I have given it to you, applying the facts, the defendant here is guilty, as alleged in the indictment, on all three of these counts, or whether he is guilty on one or two," when it is followed by explicit instructions as to the different forms of the verdict from any possible view of the case.
4. IBID.—NUISANCE.—It is not error to charge that if a person, in *control* of premises, *permits* his servants *habitually* to use the premises in a manner prohibited by law, he is guilty of maintaining a nuisance.

Before WATTS, J., Spartanburg. Affirmed.

Indictment against James Moore, who is appellant.

*Mr. Ralk K. Carson*, for appellant, cites 29 S. C., 44.

*Solicitor Sease* was represented by *Assistant Attorney General Townsend* in oral argument.

June 26, 1897. The opinion of the Court was delivered by MR. JUSTICE GARY. The appellant was indicted for violating the dispensary law, the indictment containing three counts. The defendant was convicted on the second and third counts, viz: for maintaining a nuisance, and for storing and keeping in possession contraband liquors.

The defendant appealed, upon several exceptions, the first of which is as follows: "1. Because, as it is respectfully submitted, the Circuit Judge erred in charging the jury as follows: 'Now, gentlemen, I charge you further, as matter of law, in reference to the nuisance, that if you, Mr. Foreman, are in control of a house, and have servants there who are under your control, or

parties living in the house, you being the boss or head of the house, and having a perfect right to control the house and premises around it, yard and so on, if you permit parties, whenever they get thirsty and want to drink, to come to that house and ask you whether or not their wants can be supplied, that they want alcoholic beverages to drink, and you know that somebody living in the house that you have control of is supplying them, whenever they want it, with whiskey for the purpose of drinking it, then you are maintaining a nuisance; and it does not make any difference whether you receive the money or not. If you permit them to resort there for that purpose, or permit them to resort there, to the house that you have control of, and have under your supervision and direction, and allow this thing to go on under your nose, by one of your servants in your house, you being in control of the house, and having a right to put a stop to all this, and failing to do it, why then you are whipping the devil around the stump, and you are maintaining a nuisance; it does not amount to anything else.' Without going further and instructing the jury that, before one under supposed circumstances could be convicted of maintaining a nuisance, the nuisance must be shown to be at the place so controlled. The charge excepted to would require a conviction if the persons living in the house were then supplying whiskey at a point any distance from the house controlled." This exception does not complain of error in his Honor's charge, but because he failed to submit to the jury a proposition of law not contained in his charge, when there was no request to charge embodying such additional proposition. When a party desires to get the benefit of certain propositions of law, it is his duty to formulate them as requests to charge; and if he fails to do so, he cannot complain of error on the part of the presiding Judge when such propositions are not embodied in his charge to the jury. But, waiving this objection, the "Case" does not contain either the testimony adduced upon the trial or a statement of such facts as were admitted

to have been established by the testimony. Therefore, it does not appear that the appellant was in any manner prejudiced because the presiding Judge did not charge the additional proposition of law. This exception is overruled.

The second exception is as follows: "II. Because he erred in the portion of the charge just quoted, in holding and instructing the jury that the mere permitting of persons who want whiskey to ask at a house where others maintaining a nuisance reside, whether their wants can be supplied, is of itself maintaining a nuisance, regardless of whether the nuisance maintained by said other parties is there or elsewhere." As has just been said, there is nothing in the case showing that the appellant was prejudiced by this charge; but waiving this objection, it seems that this exception was taken under a misconception, as will be seen from the following portion of his Honor's charge touching the question of nuisance, to wit: "The law is very plain as to what constitutes a nuisance under this dispensary law, which is the second count under the indictment in this case. If a party keeps a place where liquor is kept or stored for the purpose of giving it away or bartering it or selling it, if he keeps a place for that purpose, then he is maintaining a nuisance. If he keeps a place where parties are permitted habitually—that is, make a habit of resorting there, for the purpose of drinking alcoholic beverages, then he is guilty of maintaining a nuisance under the dispensary law; it does not make any difference whether he sells the liquors or not, if he is the owner or controller of the premises, and he permits parties habitually to resort there—that is, permits parties to make a habit of going there and drinking alcoholic liquors, permits them to drink alcoholic beverages, then he is guilty of maintaining a nuisance. * * * Now I charge you as a matter of law, that if any person lives in a certain house, and parties are permitted to go there and make their wants known, that they want something to drink, and by remaining there a certain length of time the whiskey or whatever alcoholic beverage

they are drinking comes from somewhere and they are sup-
plied at that place, it does not matter if they go off 100
yards, or 300 yards, or 500 yards, the request having been
made for it in the house and the party waiting there to be
supplied, why then it is a nuisance, because the party re-
sorts to that certain place for the purpose of making a trade
with reference to it, and is met by one who carries him to a
certain place where it is put, that would be a nuisance;
that is where they meet, the request, trade and arrangements
are made there, and if he takes him out in the yard, and
there the whiskey is delivered to him, that house is a nui-
sance, according to the dispensary law." The charge must
be considered as a whole, and when so considered it will be
seen that the exception does not correctly state the charge
of the presiding Judge, and this exception is also overruled.

The third exception is as follows: "III. Because the Cir-
cuit Judge erred in taking the question from the jury,
whether the defendant was innocent or guilty, by
instructing them in effect that it was their duty only
to decide whether he was guilty on all three counts
or only on one or two. The erroneous instruction being as
follows: 'It is for you to say whether or not, under the law
as I have given it to you, applying the facts, the defendant
here is guilty, as alleged in the indictment, on all three of
these counts or whether he is guilty on one or two.'" Even
if the Judge had failed to give the jury further instructions
as to the form of their verdict, this exception could not be
sustained. Under this instruction the jury had no right to
bring in a verdict against the prisoner on any of the counts
in the indictment, unless they believed beyond a reasona-
ble doubt that he was guilty. But in order that the jury
might have no difficulty in framing their verdict, the pre-
siding Judge charged them clearly and explicitly as follows:
"The form of your verdict will be, if you conclude the de-
fendant is guilty generally, that is, on all these counts in
the indictment, you will say, 'We find the defendant guilty,'
and sign your name as foreman. If, however, you are not

satisfied he is guilty on all three of the counts, but is guilty of selling liquor simply, you say, 'We find the defendant guilty on the first count of the indictment.' If you think he is guilty of selling and maintaining a nuisance, too, you will say, 'We find the defendant guilty on the first and second counts of the indictment.' If you think he is not guilty of selling or storing liquor, but guilty of maintaining a nuisance, say, 'We find the defendant guilty on the second count of the indictment.' If you think he is not guilty of selling or of maintaining a nuisance, but is guilty of storing liquor, then say, 'We find the defendant guilty on the third count of the indictment.' There are three counts: first is for selling, the second is for a nuisance, and the third is for storing and having in his possession contraband liquor. If you conclude the defendant is not guilty under the testimony—and it is the duty of the State to make out its case to your satisfaction beyond a reasonable doubt—then you say, 'We find the defendant not guilty,' and sign your name as foreman." After thus instructing the jury, it cannot for a moment be contended that the jury could have supposed that they were only to decide whether the prisoner was guilty on all three counts, or whether he was guilty on one or two of them. This exception is overruled.

The fourth exception is as follows: "IV. Because the presiding Judge erred in charging the jury as follows: 'Now, Mr. Foreman, if any one is in control of premises, has servants there, and during his absence they permit all this to go on, and he does not know anything about it, why then he would not be guilty; but if he has actual knowledge of it, and permits this thing to go on habitually, why then he is maintaining a nuisance.' The instruction being, in effect, that to know of and not object to the violation of law by another party, is of itself a violation of tha same law, by one who has such knowledge." This exception does not correctly state the effect of his Honor's charge. He did not charge the jury that to know

of and not object to the violation of law by another party, is a violation of the law by the person having such knowledge, but that if a person in *control* of the premises *permits* his servants *habitually* to use the premises in a manner prohibited by law, he is guilty of maintaining a nuisance. Section 22 of the dispensary act is as follows: "All places where alcoholic liquors are manufactured, sold, bartered or given away, in violation of this act, or where persons are permitted to resort for the purpose of drinking alcoholic liquors as a beverage, or where alcoholic liquors are kept for sale, barter or delivery, in violation of this act, are hereby declared to be common nuisances, and any person may go before any magistrate in the county and swear out an arrest warrant on personal knowledge or on information and belief, charging said nuisance, giving the names of witnesses against the keeper or manager of such place, and his aids and assistants, if any, and such magistrate shall direct such arrest warrant either to the sheriff of the county or to any special constable, commanding said defendant to be arrested and brought before him to be dealt with according to law. * * *" The charge of the presiding Judge, when considered in connection with this provision, is free from error, and this exception is also overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.